IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-2-D

| | | |
|---|---|---|
| MAURICE ROCHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DR. TOBI GILBERT, | ) | |
| DR. ASH MIKHAIL, and | ) | |
| COASTAL CAROLINA | ) | |
| NEUROPSYCHIATRIC, | ) | |
| | ) | |
| Defendants. | ) | |

Maurice Rocha ("Rocha" or "plaintiff") sued Dr. Tobi Gilbert, Dr. Ash Mikhail, and Coastal Carolina Neuropsychiatric (collectively, "defendants") for employment discrimination. Rocha contends that defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, when they terminated his employment. Rocha contends that he was fired due to his disability and his national origin.

Rocha, who is appearing pro se, filed a motion for a court-appointed attorney [D.E. 18]. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. Rocha and his claims are not exceptional. The motion for a court-appointed attorney is denied.

Rocha also seeks to amend his complaint [D.E. 22, 25]. Specifically, Rocha seeks to correct the name of his employer to read Coastal Carolina Neuropsychiatric Crisis Services, P.A., to reference the doctrine of respondeat superior as to Dr. Mikhail, and to expound upon his alleged damages. Defendants do not oppose the amendment insofar as it corrects the name of Rocha's former employer or expounds upon Rocha's alleged damages [D.E. 27]. As for the proposed amendment concerning Dr. Mikhail, defendants contend that this amendment is futile because Rocha failed to name Dr. Mikhail in his EEOC charge. Id.

The court grants Rocha's motion to amend insofar as it corrects the name of Coastal Carolina Neuropsychiatric Crisis Services, P.A., and discusses Rocha's alleged damages. The court denies the motion to amend as to Dr. Mikhail, but not for the reason that defendants cite. Rather, the court denies the motion to amend as to Dr. Mikhail because Dr. Mikhail is not Rocha's "employer" under either the ADA or Title VII. See, e.g., Baird v. Rose, 192 F.3d 462, 471–72 (4th Cir. 1999) (ADA); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (Title VII). Accordingly, the court denies the motion to amend to add the discussion concerning respondeat superior and Dr. Mikhail. In fact, because Dr. Gilbert and Dr. Mikhail are not proper defendants under the ADA or Title VII, the court dismisses the claims against them and dismisses them as defendants. See Baird, 192 F.3d at 471–72; Lissau, 159 F.3d at 180.

Plaintiff's amended complaint [D.E. 25-1] is deemed filed effective today, but Dr. Gilbert and Dr. Mikhail are no longer defendants. Coastal Carolina Neuropsychiatric Crisis Services, P.A., is the only remaining defendant and may plead in response to the amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(3).

Finally, plaintiff filed a motion to strike [D.E. 28]. The motion to strike is untimely and baseless. Accordingly, the motion to strike is denied.

2

In sum, plaintiff's motion for a court-appointed attorney [D.E. 18] is DENIED, plaintiff's motion to amend [D.E. 22, 25] is GRANTED in part and DENIED in part, and plaintiff's motion to strike [D.E. 28] is DENIED. Dr. Tobi Gilbert and Dr. Ash Mikhail are DISMISSED as defendants in this action. The amended complaint (as modified) is DEEMED filed today. Defendant Coastal Carolina Neuropsychiatric Crisis Services, P.A., may plead in response to the amended complaint. See Fed. R. Civ. P. 15(a)(3).

SO ORDERED. This 20 day of June 2012.

JAMES C. DEVER III
Chief United States District Judge