IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CV-2-D

| | |
|---|---|
| MAURICE ROCHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| COASTAL CAROLINA | ) |
| NEUROPSYCHIATRIC, | ) |
| | ) |
| Defendant. | ) |

This case comes before the court on eight discovery motions filed by plaintiff Maurice Rocha ("plaintiff"): (1) a first motion to compel production of documents and other discovery responses (D.E. 47); (2) a motion to compel witness identification (D.E. 59); (3) a motion in limine (D.E. 63); (4) a motion for protective order concerning employment application documents (D.E. 65); (5) a motion to compel a deposition (D.E. 70); (6) a second motion to compel production of documents (D.E. 74); (7) a motion for protective order relating to plaintiff's deposition (D.E. 76); and (8) a third motion to compel production of documents (D.E. 86). The motions have been fully briefed[1] and referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (D.E. 84, D.E. 53, Minute Entry following D.E. 88).

---

[1] In support of his first motion to compel production of documents and other discovery responses, plaintiff filed a memorandum (D.E. 48). Defendant filed a memorandum (D.E. 51) with exhibits (D.E. 51-1 through D.E. 51-2) in opposition.
    In support of his motion to compel witness identification, plaintiff filed a memorandum (D.E. 60) with an exhibit (D.E. 60-1). Defendant filed a memorandum (D.E. 62) with an exhibit (D.E. 62-1) in opposition, and plaintiff filed a reply (D.E. 67).
    In support of his motion in limine, plaintiff filed a memorandum (D.E. 64) with an exhibit (D.E. 64-1). Defendant filed a memorandum (D.E. 68) with exhibits (D.E. 68-1 through 68-6) in opposition.
    In support of his motion for a protective order concerning employment application documents, plaintiff filed a memorandum (D.E. 66). Defendant filed a memorandum (D.E. 69) with an exhibit (D.E. 69-1) in opposition.

## BACKGROUND

Plaintiff commenced this action in 2012. (Compl. (D.E. 1)). In his amended complaint, he alleges that he was formerly employed by defendant Coastal Carolina Neuropsychiatric Crisis Services, P.A. ("defendant") from 18 October 2010 to 22 October 2010. (Am. Compl. (D.E.32) ¶ 5). Plaintiff maintains that he was discharged from his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (*See id., e.g.,* ¶¶ 3, 4, 6). He seeks back pay, reinstatement, and other relief. (*Id.* ¶ 12). Defendant filed an answer generally denying plaintiff's allegations. (Ans. (D.E. 33)).

On 10 August 2012, plaintiff served on defendant his first set of interrogatories and requests for admissions, and his first set of requests for production of documents, to which defendant responded on 7 September 2012. (*See* Def.'s Mem. (D.E. 51) 1; *see also* Pl.'s 1st Set of Ints. & Adm. Reqs. (D.E. 62-1 at 1-6); Def.'s Mem. (D.E. 51) 2-3 (setting out selected requests and responses)). On 25 September 2012, plaintiff served amended sets of these discovery requests on defendant, to which it responded on 24 October 2012. (*See* Def.'s Mem. (D.E. 81) 3; *see also* Pl.'s Am. 1st Set of Prod. Reqs. (D.E. 62-1 at 7-10); Def.'s Resp. to Pl.'s Am. 1st Set of Ints. & Adm. Reqs. (D.E. 81-1)). Lastly, plaintiff served a third set of requests for production of documents on 11 January 2013, to which defendant responded on 8 February

---

In support of his motion to compel a deposition, plaintiff filed a memorandum (D.E. 71) with an exhibit (D.E. 71-1). Defendant filed a memorandum (D.E. 73) with an exhibit (D.E. 73-1) in opposition, and plaintiff filed a reply (D.E. 79) and reply memorandum (D.E. 80) with an exhibit (D.E. 80-1).
  In support of his second motion to compel production of documents, plaintiff filed a memorandum (D.E. 75) with an exhibit (D.E. 75-1). Defendant filed a memorandum (D.E. 81) with exhibits (D.E. 81-1 through D.E. 81-2) in opposition, and plaintiff filed a reply (D.E. 85).
  In support of his motion for a protective order relating to his deposition, plaintiff filed a memorandum (D.E. 77). Defendant filed a memorandum (D.E. 82) in opposition.
  In support of his third motion to compel production of documents, plaintiff filed a memorandum (D.E. 87). Defendant filed a memorandum (D.E. 88) with exhibits (D.E. 88-1 through D.E. 88-2) in opposition.

2013.  (*See* Def.'s Mem. (D.E. 88) 4; *see also* Def.'s Resp. to Pl.'s 3rd Set of Doc. Prod. Reqs. (D.E. 88-1 at 5-13)).

## DISCUSSION

I. **Plaintiff's Noncompliance with Requirements for Consultation and Reproduction of Discovery Requests at Issue**

A threshold issue for the court is whether it should summarily deny plaintiff's motions. One ground for summary denial of all but one motion—his first motion to compel production of documents and other discovery responses (D.E. 47; *see* Cert. of Conference (D.E. 49))—is plaintiff's failure to certify that he attempted in good faith to resolve the matters in dispute before filing the motion, as required by the Federal Civil Rules.  *See* Fed. R. Civ. P. 26(c)(1) (motions for protective order), 37(a)(1) (motions to compel); *see also* Local Civil Rule 7.1(c) (E.D.N.C.) ("Counsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.").

With respect to his first motion to compel production of documents and other discovery responses, plaintiff failed to set forth in the motion or attach thereto all the discovery requests that are the subject of the motion and all objections to the motion, as required by Local Civil Rule 7.1(c).  Specifically, he omitted copies or verbatim recitations of Interrogatory No. 4, the admission request subject to that motion, or the responses to these discovery requests. Misleadingly, in this and other motions and supporting memoranda, he paraphrases discovery requests while giving the impression that he is reciting them verbatim.  (*See, e.g.*, Mot. (D.E. 47) 1; Pl.'s Mem. (D.E. 48) 2; Mot. (D.E. 86) 1).  In the case of his first motion to compel production of documents, plaintiff actually provides three different versions of the production request for which he seeks an order to compel.  (*See* Mot. (D.E. 74) 1; Pl.'s Mem. (D.E. 75) 1 & Ex. (D.E. 75-1)).

The fact that plaintiff is proceeding pro se does not in any way excuse his noncompliance with these requirements. Nor do his filings otherwise provide a justification for it. Nonetheless, in its discretion, the court elects to proceed with consideration of plaintiff's motions on the merits. It does so to promote the prompt resolution of this case. The court, of course, retains the prerogative to summarily deny any further motions by plaintiff failing to meet the foregoing requirements.

## II.  Applicable Legal Standards

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories, requests for production of documents, and requests for admissions. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in

determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 37 allows for the filing of a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(3)(B). Conversely, Rule 26 provides for the issuance of protective orders for good cause to protect a party (or nonparty) from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

### III. First Motion to Compel Production of Documents and Other Discovery Responses (D.E. 47) (Allowed in Part and Denied in Part)

By this motion, plaintiff moves to compel further responses to a production request, two interrogatories, and one request for admission from his first set of discovery requests.

Production Request No. 1 seeks "[a]ll documents pertaining [to] employment of employees and broken down on the basis of race, gender, national origin, and age for the past five years, or if a shorter time since [defendant's] inception." (Def.'s Mem. (D.E. 51) 3). Defendant objected to the request on the grounds that it is vague and overly broad and seeks information on irrelevant matters. (*Id.*).

Plaintiff's amended complaint, however, does assert a claim of discrimination based on national origin. (Am. Comp. ¶¶ 6(D), 9). He claims that he is a "minority member of [a] protected class by national origin" and suffered from disparate employment policies as a result. (*Id.* ¶ 9). Defendant's blanket objection on relevancy grounds is therefore without merit.

The request seeks with sufficient specificity a document or documents within defendant's possession, custody, or control showing on an annual basis the national origins of defendant's employees and applicants for employment for the five-year period preceding the date of defendant's production of such document(s) or, if shorter, the period since defendant's inception. The names of employees and applicants need not be produced. Plaintiff's motion is therefore

ALLOWED as to this portion of Production Request No. 1. *See, e.g., Moore v. DAN Holdings, Inc.*, No. 1:12CV503, 2013 WL 1833557, at *19 (M.D.N.C. 30 Apr. 2013) (allowing plaintiff's motion to compel interrogatory response providing information relating to race discrimination and/or retaliation for previous five years). Defendant shall produce the specified document(s) to plaintiff no later than 15 May 2013 along with a supplemental response to Production Request No. 1 of plaintiff's amended requests for production of documents signed by counsel identifying the document(s) produced.

This request is otherwise overbroad. It encompasses substantial information having no bearing on the claims and defenses in this case and unnecessarily invades the privacy of the employees. Therefore, except as allowed herein, plaintiff's motion is DENIED with respect to Production Request No. 1.

Interrogatory No. 4 asks: "Does Adam Keegan Human Resources control, manage, implement, or recommend the hiring and/or compensation practices and procedures of both CCNC [Coastal Carolina Neuropsychiatric Center] and [defendant]? If so, what do they do?" (Def.'s Mem. (D.E. 51) 2; *see also* Int. No. 4, Pl.'s 1st Set of Ints. & Adm. Reqs. (D.E. 62-1) 3). Subject to objections based on relevance and overbreadth, defendant responded that Adams Keegan, Inc. does not control, manage, implement, or recommend defendant's hiring and/or compensation practices and procedures. (Def.'s Mem. 2-3). Plaintiff contends that defendant should now be compelled to provide the requested information as to CCNC, a nonparty to this action. Defendant argues in its memorandum, however, that it lacks the information requested about CCNC. (*Id.* 4-5). Because plaintiff has not established that the requested information relating to CCNC is relevant or shown that defendant has such information despite its denial, the

court finds that defendant has adequately answered this interrogatory. Plaintiff's motion is therefore DENIED with respect to Interrogatory No. 4.

Interrogatory No. 13 asks: "Is the product or service of either the CCNC or [defendant] essential to the conduct or operation of the other's business? If yes, list the product(s) or service(s)." (Def.'s Mem. 3; *see also* Int. No. 13, Pl.'s 1st Set of Ints. & Adm. Reqs. (D.E. 62-1) 4). Defendant objected to the interrogatory as "vague, overly broad, irrelevant and immaterial and seeking information about unrelated matters which is not reasonably calculated to the lead to the discovery of admissible evidence." (Def.'s Mem. 3). By its motion, plaintiff seeks a complete answer to this interrogatory. In addition to the foregoing objections, defendant again argues in its memorandum that it lacks sufficient information about CCNC to answer this interrogatory. (*Id.* 6). As before, because plaintiff has not established that the information sought pertaining to CCNC is relevant to the claims or defenses in this case or that in the face of its denial defendant has possession, custody, or control of such information or the information about CCNC otherwise needed to answer this interrogatory, the court finds defendant's objection to be legitimately asserted. Plaintiff's motion is therefore DENIED with respect to Interrogatory No. 13.

Admission Request No. 2 asks defendant to "[a]dmit that [Dr. Tobi Gilbert, defendant's former director] interviews, hires, and terminates employees at CCNC and [defendant]." (Def.'s Mem. 3). In response, subject to several objections it asserts, defendant admitted that Dr. Gilbert interviewed, hired, and terminated employees of defendant, but otherwise denied the requested admission. (*Id.*).[2] Plaintiff asks that defendant be compelled to disclose whether Dr. Gilbert engages in the same activities with CCNC. Defendant has, however, denied that portion of the

---

[2] The response reads: "Subject to, and without waiving, its objections, [defendant] admits that Dr. Gilbert interviewed, hired and terminated employees at [defendant]. Except as expressly admitted herein, this Request for Admission No. 2 is hereby denied." (Def.'s Mem. 3).

7

admission request, and its response is complete. Plaintiff would have the court treat his request for admission as an interrogatory, which the court declines to do. Finding no fault in defendant's response to Admission Request No. 2, plaintiff's motion is DENIED with respect to it.

## IV. Motion to Compel Witness Identification (D.E. 59) (Denied)

By this motion, plaintiff seeks to compel defendant to provide the identification of and contact information for a former administrative assistant with the first name of "Sidney." Defendant objects to the motion on the grounds that plaintiff has not served an interrogatory seeking this information. In his reply (D.E. 67), plaintiff concedes that he inadvertently excluded this witness from his interrogatories, but nevertheless urges the court to allow the motion in light of the importance of the witness to his case and his belief that the information should have been included in defendant's Rule 26(a) initial disclosures. Because plaintiff has not established that the information has been properly requested or should have been included in defendant's initial disclosures, this motion to compel is DENIED.

## V. Motion in Limine (D.E. 63) (Denied)

Plaintiff's motion in limine asks the court to rule that he has been found to be disabled and to preclude defendant from making any reference to or asking any questions about his disability during his deposition. The disability in question is apparently a "substance abuse disability that is decades old." (Pl's Mem. (D.E. 64) 1).

The court agrees with defendant that plaintiff's motion is not only premature, but also baseless. Plaintiff's disability is highly relevant to his employment discrimination claims and precluding any discovery on this topic would be unfairly prejudicial to defendant. Accordingly, plaintiff's motion in limine is DENIED.

8
Case 7:12-cv-00002-D   Document 95   Filed 05/08/13   Page 8 of 13

## VI. Motion for Protective Order Concerning Employment Application Documents (D.E. 65) (Denied)

Plaintiff seeks a protective order excluding all inquiry about the employment application documents he submitted to defendant in connection with his employment. Plaintiff contends that defendant should be precluded from conducting discovery concerning his employment application, because defendant has not yet disclosed the identity of the Human Resources assistant who processed his application.

The court agrees with defendant that plaintiff's motion for a protective order is unfounded. Plaintiff's application documents would appear clearly to be relevant and plaintiff has not demonstrated that inquiry regarding them would cause him annoyance, embarrassment, or undue burden within the meaning of Rule 26(c). Moreover, at the time plaintiff's motion for a protective order was filed, he had not yet properly requested the identification of the Human Resources assistant. Lastly, there is obviously no merit to the notion that a party can justify its own disregard of its discovery obligations on the basis of another party's purported disregard of its obligations. For these reasons, plaintiff's motion for a protective order is DENIED.

## VII. Motion to Compel Deposition (D.E. 70) (Denied)

Plaintiff moves to compel defendant to produce Dr. Gilbert for a deposition. Plaintiff filed the motion after Dr. Gilbert failed to appear at a deposition for which plaintiff had issued a subpoena to her (D.E. 71-1). Defendant argues that the motion to compel should be denied on grounds that the subpoena was not properly served and that Dr. Gilbert is not currently an employee or managing agent of defendant. Plaintiff has failed to demonstrate that defendant is obligated to produce Dr. Gilbert at the deposition. Plaintiff's motion to compel is therefore DENIED. This ruling is without prejudice to other relief, if any, to which plaintiff may be entitled relating to the deposition of Dr. Gilbert.

9
Case 7:12-cv-00002-D   Document 95   Filed 05/08/13   Page 9 of 13

## VIII. Second Motion to Compel Production of Documents (D.E. 74) (Denied)

In this motion, plaintiff requests an order compelling the production of the documents sought in Production Request No. 1 of his amended first set of production requests. The production request seeks "[a]ll documents pertaining [to] employment of employees and broken down on the grounds of race/ethnicity and national origin, for the past five years, or if a shorter time since [defendant's] inception . . . . (all such data for applicants also)." (Resp. to Prod. Req. No. 1, Def.'s Resp. to Pl.'s Am. Prod. Reqs. (D.E. 81-1) 7). Defendant objected to the request on the grounds that it is vague and overly broad and seeks information on irrelevant matters. (*Id.*).

The court finds this production request to be materially the same as Production Request No. 1 in plaintiff's first set of discovery, which is discussed in Section III above. Because the relief provided plaintiff on that production request is the same as that to which he would be entitled on the instant production request, the instant motion is DENIED.

## IX. Motion for Protective Order Relating to Plaintiff's Deposition (D.E. 76) (Denied)

Plaintiff moves for an order directing that defendant, or any other witness, be prevented from reading the transcript of his deposition before being deposed. He believes that the other witnesses should have to sit for their depositions without knowledge of the information testified to by plaintiff at his deposition. Plaintiff has not shown good cause pursuant to Rule 26(c) for the relief he seeks. The motion for a protective order is therefore DENIED.

## X. Third Motion to Compel Production of Documents (D.E. 86) (Denied)

This motion seeks production of documents pursuant to Production Requests Nos. 1 and 2 of plaintiff's third set of document production requests. Production Request No. 1 asks for "[a]ll employment records and personnel files of employees broken down on the basis of race

and national origin, for 2 years prior to this plaintiff's employment and 2 years after or if a shorter time since [defendant's] inception." (Resp. to Prod. Req. No. 1, Def.'s Resp. to Pl.'s 3rd Set of Prod. Reqs. (D.E. 88-1) 7). Production Request No. 2 seeks "[a]ll applicant flow data for 2 years before and 2 years after plaintiff's employment, which is from 2008 to 2010 and 2010 to 2012." (Resp. to Prod. Req. No. 2, Def.'s Resp. to Pl.'s 3rd Set of Prod. Reqs. (D.E. 88-1) 7). Defendant objects that the requests are vague and overly broad, and seek information not relevant to the claims and defenses in the case. Defendant also objects to the production of employment records and personnel files on the grounds that they contain personal and other confidential information.

The court finds that these production requests are materially the same as Production Request No. 1 in plaintiff's first set of discovery, except that the instant requests are for a more limited time period. The ruling on Production Request No. 1 in plaintiff's first set of discovery, which is discussed in Section III above, includes the relief to which he is entitled on the instant production requests, and the motion relating to the instant requests is therefore DENIED.

## XI. EXPENSES

The Federal Civil Rules provide that, after giving an opportunity for a hearing, the losing party on a motion to compel or motion for protective order must pay the prevailing party's reasonable expenses incurred on the motion, including attorney's fees, unless the losing party's position was "substantially justified" or other circumstances would make the award of expenses unjust. *See* Fed. R. Civ. P. 26(c)(3); 37(a)(5)(A)(iii), (B), (C). The court finds that no expenses should be awarded and therefore ORDERS that each party shall bear its own expenses with respect to all of plaintiff's motions other than his motion in limine (D.E. 63) and motion for protective order concerning application documents (D.E. 65). With respect to the motion in

limine, plaintiff does not appear to have been substantially justified in moving to bar questions about his alleged disability at his deposition since he bases his claim of discrimination by defendant, in part, on the alleged disability.  Similarly, plaintiff does not appear to have been substantially justified in moving to bar any inquiry about his employment application documents given the grounding of his case in his employment by defendant.

It is therefore ORDERED that plaintiff shall file by 22 May 2013 a memorandum showing cause why he should not be required to pay the reasonable expenses incurred by defendant in opposing these two motions, including attorney's fees.  Defendant shall file a response to plaintiff's memorandum within 14 days after the memorandum is served.  Defendant's response shall be accompanied by proof of the expenses, including attorney's fees, defendant incurred in opposing the two motions at issue.  Plaintiff may file a reply to defendant's response within seven days after service of the response.  In the event plaintiff fails to timely file the required memorandum to show cause, the court may deem such failure a waiver by plaintiff of any objection to the award of expenses against him, including the amount of the award, and may proceed to make the award in such amount as it deems proper.

## CONCLUSION

In sum, IT IS ORDERED that:

1. plaintiff's first motion to compel responses to production of documents (D.E. 47) is ALLOWED IN PART and DENIED IN PART on the terms set forth in Section III above;

2. the remaining motions (D.E. 59, 63, 65, 70, 74, 76, and 86) are DENIED;  and

3. each party shall bear its own expenses incurred in connection with the motions, except for the motion in limine (D.E. 63) and motion for protective order concerning application

documents (D.E. 65), as to which the parties shall make the filings as provided in Section XI above.

SO ORDERED, this the 8th day of May 2013.

_____
James E. Gates
United States Magistrate Judge